The 4th District Appellate Court of the State of Illinois has now convened, the Honorable Catherine E. Zienoff presiding. Good afternoon, Council. This is 4-25-0015, the F&S Starnes Family Trust by Shelly Murphy, trustee and Shelly Murphy individually, Plaintiffs v. Shannon Schooley, defendant appellant, Floyd Starnes by Shannon Schooley and Miller Hall and Triggs LLC defendants. Would Council kindly identify themselves for the record? First, for the appellant. Bill Colhase for the appellant. Thank you. And for the for the appellate? Chris Sokin for the appellate. Thank you. All right. Mr. Colhase, you may begin your argument. Thank you. May it please the court, Council. This appeal involves problems with lack of any evidentiary foundation for what was done in the trial court and failure to follow proper procedures. You know, there's a relatively lengthy common law record here. And perhaps one would look at that and think, man, there must be something in there to justify what was done. But in that massive common law record, there are no depositions, no interrogatory answers, no affidavits from the plaintiff's with respect to authentication of documents. And what we have is a situation where, according to the complaint in the affidavit of defendant Schooley, the trust that's at issue here came up and to the attention of the parties when it was subpoenaed in a different case. And according to the affidavit of the defendant, she never saw the trust before it was produced in that other case. Now, so can we start with what is lacking with the authentication of the trust documents? What are we missing here? Okay. Of course, for authentication, we have to have somebody with knowledge that can say the document is what it purports to be in the... Well, why isn't the document... Why can't we take it based upon the notarized documentation that it is what it purports to be? What's lacking? The fact that there might be a notary on the document does not authenticate it for purposes of this case. Nobody in this case knows exactly what that is. So the plaintiff says, yeah, this is the trust. The defendant says under oath, I don't know. That doesn't authenticate it. And the fact that you have some 2011 document that nobody was aware of that's got a notary on it, that doesn't authenticate it and say what it is. That authenticates signatures. It doesn't authenticate the document, the background of the document, what it is, how it got executed. So just as a basic matter, Justice Kavanaugh, it's not authenticated, period. When you go past that and you say, well, what about all these allegations that a defendant did all these things that were a breach of trust? Well, there's just nothing by way of evidentiary material to establish that. All of these allegations that are made are just based on unauthenticated documents from another case that really show nothing. The defendant does have an affidavit on file here that says that she didn't act as trustee. She didn't even know when she was doing things that there was a trust or that in theory, she was a trustee. So there's just nothing. They go on and on and on about, well, she did this, she did that. There's just nothing in the record to show that. So they rejoined her to that from the plaintiff's side as well. You're talking about procedures where on summary judgment, because obviously there was no trial here, no evidentiary hearing, you're talking about procedures that don't apply because this is a motion that was brought under the trust code. And therefore forget about things like establishing the trust is what it purports to be or that there were facts to show that somehow the defendant did engage in activities that were a breach of trust. The problem with that argument is, well, the trust says that you can request the removal of a trustee. There's no procedure under the trust code that supplants what's in the code of civil procedure. You got to follow the code of civil procedure, period. Well, counsel, the court doesn't have to ignore the fact that there are some allegedly self-dealing actions here and at least not prompt following of court orders. I mean, the court's privy to that. Can the court take that into consideration? Allegations without a proper evidentiary foundation, no. But Justice, you also then mentioned, I think, the court order with respect to return of property to the trust. That's right. So that property was titled in Floyd Starnes, sole beneficiary of the trust, but it was not in the trust. The order, and they're suing here, in this case, they're suing the sole beneficiary, Floyd Starnes, saying, well, you shouldn't have had that property. The order with respect to return of the property had to be carried out by the defendant, but not as trustee, but in her capacity as agent for Floyd Starnes under a power of attorney. That had nothing to do with the administration of the trust, had nothing to do with any action taken by defendant Schooley. And so what you have is a situation where there was an order entered, acknowledged. Our position on the defense side with respect to that order was that it was not a final and enforceable order. It was not, hey, we're going to ignore you, court. It was not, hey, we're just doing what we want, you know, go jump in the lake. That's not what happened here. Excuse me, counsel. I have a question about that. I mean, didn't that order, in essence, finally determine the right or status of Floyd here and the plaintiff and the defendant with respect to the ownership of this property? And therefore, certainly, didn't it come under 304B and not 304A? Well, with hindsight and based on what the trial court said, I acknowledge that. However, that is not a basis for saying, okay, you got a bad lawyer, you don't know what you're doing, so you're removed as co-trustee. Those are two different things. I don't think that there's anything there, Justice Zinoff, that would support removal as trustee. I understand exactly what you're saying with respect to the finality of the order as interpreted by the trial court, but I don't think that's a basis under the law for saying, well, I'm going to remove you as co-trustee because of your legal position. I mean, she used this as an excuse, though, for her noncompliance, didn't she? I would only differ on the word excuse. It was her legal position that it wasn't a final and enforceable order. That was in error, but it was not some sort of bad faith, hey, I don't want to do this. It was property that was titled in her father's name, the sole beneficiary of the trust, and she did comply with the order in due course, albeit belatedly. I'm just saying here today that that wasn't a basis for removing her as trustee. Thank you. So, to return then to just the basic breach of trust issue, and did that provide a basis for removal? Again, our position is there's just no evidentiary foundation for that. We've already gotten now to this return of property issue. The other thing that's raised by the plaintiff here is, well, you tried to file an affirmative defense that the trust was void as contrary to public policy because it violates the Consumer Fraud Act, and there's a prepackaged trust that was by somebody that wasn't a lawyer. We have this three-count complaint here. We've got the breach of trust, the removal, and then the complaint against or the count against the law firm. The fact that someone is saying, hey, one of my defenses here to the breach of trust is that this is not a valid trust under Illinois law, that is not conduct that would support the removal of the trustee. It's not mismanagement of the trust, and this court has focused on in removing trustees that there has to be some threat to the trust property, mismanagement of trust property. There's none of that here, and so that whole idea that suggesting that we should have an affirmative defense that the trust violated the Consumer Fraud Act, that's not a basis for removal. I don't think there was a conflict with respect to the timing of the transfer of property from Floyd Starnes to the trust, and there's just no evidentiary foundation for any mismanagement of the trust. In a nutshell, that's our case. I'm happy to answer questions, but I don't need to belabor those points. With there being no questions, that concludes my opening argument. Thank you very much. You will have time on rebuttal. Mr. Sokin. Thank you, Your Honor, and may it please the court and counsel. I think we're a little far afield of why we are here today. The appeal is on whether or not the trial court abused its discretion in removing Shannon as co-trustee, and the court found two bases for removal. The first one was, as the court had already mentioned, her failure to abide by the court's orders to return the property to the trust, and the second one was the trial court's belief that there was a conflict of interest here, and the conflict of interest doesn't stem from what counsel has mentioned about evidentiary issues or even the findings in the other case that she'd violated the power of attorney or breached her fiduciary duties. The conflict of interest here comes from her affidavit that she filed in which she said that one of the two grantors was incompetent to make the trust, which is an void. And Shannon's position has been that she should be allowed to remain as co-trustee at the same time that she's making these allegations, a number of them, either that Sheila Starnes lacked capacity to make the trust and that should void the trust, or that it was drafted by a non-attorney and that should void it, of which there is no evidence, period, in the record of that at all. It's merely an allegation that Shannon has made. But Shannon as co-trustee owes a duty of loyalty to the beneficiaries of the trust. How can anyone fulfill their duty of loyalty to beneficiaries of a trust at the same time they're filing sworn affidavits that state this trust should be voided because one of the grantors lacked capacity to make it? That's the ultimate insult to loyalty to the beneficiary. She is no one should be a beneficiary to this trust. The entire thing should be voided and therefore no one will get anything. There is no possible way for her to maintain her fiduciary duties to the trust and the beneficiaries at the same time she wants to take that position. That was the second basis that the court found for removing her. And the question before this court today isn't, was there an evidentiary basis? Was this actually summary judgment? The issue is, was that ruling an abuse of discretion? That is the very first threshold that has to be met here. It wasn't arbitrary. It wasn't fanciful. The court had evidence to back it up. And I know counsel says there's no evidence in the record, but there is. The court had the affidavit that Shannon had filed that said this was void. The court had the motion that she filed wanting to challenge whether or not the trust was legitimate, which the court denied. The court had in the record its own orders telling Shannon, you need to turn this property back over to the trust. The court had all of the letters back and forth between myself and counsel saying, you need to turn this over to the trust. And she didn't do it voluntarily. Ultimately, she had to be compelled to do so. There's been no argument that no reasonable person would take the position that the trial court did. The trial court clearly was in a position to say, I've seen enough. The trust can't operate effectively with two co-trustees who must act unanimously. If one of them is saying, no, nothing should be done here, the whole trust should be voided. And the other trustee, my client, is saying, I want to manage the trust. This property, real property that had been put back into the trust has fallen into disrepair. Work needs to be done on it. And Shannon is saying, no, Shannon is saying, no, nothing should be done. The trust doesn't exist. And I think that should be the end of this court's inquiry, is that the trial court had a legitimate basis to remove her. It had legitimate reasons to believe she'd breached her duties of loyalty by refusing to administer the trust and by arguing to the that it should be voided and that Sheila Starnes was not a grantor. This argument that there's been no evidence or authentication of the trust is simply not true because the trust was presented with this, excuse me, the trial court was presented with this argument numerous times that Shannon had argued repeatedly, well, this trust doesn't actually exist. And the trial court found the opposite, both at the partial summary judgment motion and at the removal hearing where it reiterated its findings. There were numerous reasons to find that the trust existed, not least of which was it had property deeded into it and deeded out of it by Shannon's current counsel on behalf of the grantors at the time. They moved all this property into it. Sheila passed away. And then two years after her death, Floyd deeded all of it back to himself, which yes, the trust argues that was a violation. And the court found with one of those properties that it was a violation in order to be put back in. The trust had a tax ID with the IRS. The trust had a bank account. The party's other estate planning documents relied on the existence of the trust, including the will of Sheila that said everything would be poured over that wasn't already into the trust. So there was numerous evidence that the trust existed, not least of which is the fact that there's notarized signatures, there's witnesses to the trust. And yes, no one knows who actually drafted the trust, but the party's all treated as if it was legitimate for a decade, Floyd's entire life and Sheila's life until she passed away and including her estate plan. So the argument that there's been no proof that the trust is legitimate is simply not true. The court found that it was and counsel hasn't made an argument that the trial court abused its discretion in those findings. There's really been no argument at all as to that. The argument that this is actually a summary judgment proceeding is not true either, because we know before the existence of the trust code that the common law allowed the trial court on an abuse of discretion standard to remove a co-trustee when it found that the trust was being harmed. The trust code merely made a statute for what already existed in the common law, and we know and counsel has agreed that the standard here is abuse of discretion. If it was summary judgment, it would be a de novo standard, which doesn't apply here, and the parties have agreed it doesn't apply. So to argue that summary judgment is what happened is just inappropriate. The trial court found correctly that this was a motion brought pursuant to the trust code, pursuant to its common law authority to manage a trust that was already before it, where we had co-trustees who couldn't agree on the management of the trust because one of them didn't want to manage the trust at all. Now even if we were to entertain this for sake of argument that this was a summary judgment hearing, counsel's argument is there wasn't any evidence because there was no affidavits before the trial court. Well the first response to that is that there are no affidavits required in a summary judgment motion. What's required is to find whether or not there's a genuine issue of material fact. Affidavits can go to that issue, but pleadings can also go to that issue, admissions on file can go to that issue, and what we had here was the trial court looking at its own pleadings in which it had ordered Shannon return this property to the trial court and she didn't do it. It looked at the pleadings in Shannon's admissions in her own affidavit where she was arguing that the trust should be voided because Sheila, according to her, lacked capacity to make it. So even if this were a summary judgment proceeding, the court had the pleadings in front of it that showed there was no genuine issue of material fact. Shannon had refused the trial court's orders and had to be compelled to return trust property and Shannon had in fact placed in the record her own arguments that said the trust should be voided. So there was no genuine issue of material fact here that Shannon wants the trust voided. I don't think counsel would dispute that in his argument to the court already that that was Shannon's position. There's no material fact as to that position. That was the issue the trial court found as creating the conflict of interest between her claims as either beneficiary or co-trustee that the trust should be voided and her duties of loyalty to the trust and the beneficiaries. Everything was before the court to make that decision. There's no missing evidence here as counsel had alluded to. So I think that's really all that we have to go on here is whether the trial court abused its discretion based on the evidence before it in removing her. And the trial court found that it had good reason to remove her because there was a conflict between the arguments she was making and her duty of loyalty. And I think another question for the court should be why does she want to remain as co-trustee of a trust that she claims doesn't exist. She claims that she had no evidence of it but the evidence before the court was contrary to that. She had been receiving the bank records in the name of the trust for several years. She'd been signing checks for that bank account. She had been receiving utility bills that were in the name of the trust for the property at Crater Lane that had originally been in the trust before Floyd removed it. So realistically why does Shannon want to remain co-trustee of a trust that she says should be voided? If she wants to make the arguments that it should be voided she can still make them in the trial court but she also wants to maintain the status of co-trustee purely to railroad the other trustees efforts in managing the trust. The trust owns real property that could be generating a profit for the trust but Shannon won't allow it. The trust owns 50 percent of the shares in a corporation that should be paying it dividends that Shannon never collected previously but Shannon doesn't want to allow that either. And from the trial court's perspective it needs to have for the benefit of the beneficiaries of the trust the income being generated to the trust and Shannon is standing in the way of that and the trial court found that was improper. It's a conflict between the trust between her status and her duties as co-trustee to collect trust property to manage trust property and to make sure that the beneficiaries of the will ultimately get what they are entitled to under the trust. Two of which are her niece and nephew the children of her deceased brother who are beneficiaries and as she as co-trustee wants to see the trust destroyed those two will never get the legacy that's left to them in this trust. So how can she say she's not breaching her duty of loyalty to them at the same time she's arguing to this court well yes she does want to see the trust avoided. It simply can't be done this is a textbook example of a breach of a duty of loyalty and the trial court did not abuse its discretion when it found that she had to be removed. So unless there are any questions for the court I would end my argument there. Thank you. Mr. Colhase your reply. There's a fundamental difference between a position that is the record does not establish the trust and its authenticity and the trust doesn't exist that's fundamental and there's nothing in the record that states the the defendant said no way no how is there a trust the defendant saying you got to follow the law and procedure in proceeding in this case the suggestions that there are all this there's all this evidence that these things were done there that's just wrong. Well counsel if I if I can ask I mean in in the face of what opposing counsel just enumerated in terms of statements that your client received and other documentation through the years how in good faith can your client say that she didn't know there was a trust I'm not sure what where that comes from because she was doing what she was told by the bank and her father we were getting away from what would be in the record you're I understand what you're referring to but she was never ever acting as trustee told she was she was a trustee on the account that you're referencing when you look at that you'll see that she individually is listed as a joint owner on the account so if we're going to say well gee we can look at these documents and just interpret them you have to look at that and say well she was an owner on that account so she wasn't acting as trustee that's what's missing here just as then off is they're just there's no factual background and understanding of what happened here it's just they've been able to say here's a bunch of paper we win without following any proper procedures and say well gee I read this it looks like it could be an issue here well that could be but that's not enough and when you say how in good faith can we say no she wasn't acting as trustee well it's already been done it's in her affidavit which by the way was not an argument or a motion or any basis for the trial court finding that there was some kind of conflict they didn't rely on that at all I hope I'm addressing your question well was there and maybe I missed this in the briefs or misinterpreted wasn't there some sort of statement or implication that she didn't know there was a trust that existed this main trust yes well that's a little bit different than what you're saying that she didn't know she was trustee well they're part of the same thing you know what her affidavit says and I certainly urge you to look at it is it when I became agent under the power of attorney in 2019 I took it to the bank they didn't tell me anything about the trust they said this was great that's a good thing that that happened she also says that she wasn't acting as trustee so those are sworn statements that are in the record as opposed to unauthentic unauthenticated unexplained bank statements those are not evidence for consideration and there's an abuse of discretion by the trial court here because the trial court acted without any evidence so that's that's our our position again I urge you to look at the the affidavit and this idea that somehow there's some sort of attack on the trust if you look and see who the beneficiaries are they're the the plaintiff the defendant in their individual capacities their deceased brother who got thirty thousand dollars so that would be fifteen thousand dollars each to the children that's not in the record who they are but in any event what you have here is the cart before the and the there's really a lot that's going on here and you can see a part of it in this undecided motion that council referenced the the order I just want to mention that that case or that order is on appeal before this court in 419 or 425 0704 uh so that's being appealed and thank you counsel you can wrap up your time is up if you want to wrap up with the last sentence please please look at the conclusion in the order that you're being asked to take judicial notice of and see what was done and see that the the issue right now becomes the the plaintiff as trustee is suing her her father as ward when she's guardian thank you for your time thank you very much counsel thank you both for your arguments this afternoon the court will take the matter under advisement and render a decision in due course our proceedings this afternoon are ended thank you